Susan Keith et al.; Executors, Defendants in Error, v. Grace D. Thayer and Cora Thayer Ray, Plaintiffs in Error.

### Gen. No. 16,326.

1. Privity—*definition.* The term privity denotes mutual or successive relationship to the same rights of property.

2. Appeals and Errors—*when error may not be prosecuted.* Where an owner of realty conveys it by warranty deed to a third person before a writ of attachment is issued and levied thereon, the heirs at law of such owner cannot prosecute a writ of error to reverse a judgment sustaining the attachment, on the ground that the amount of their inheritance from the owner may be depleted because of a breach of the covenants of such deed.

3. Appeals and Errors—*who may bring error.* The prejudice to a party by reason of a judgment which will authorize him to sue out a writ of error to reverse it must be direct and certain.

4. Appeals and Errors—*who may not bring error.* The heirs at law of an owner of realty cannot prosecute a writ of error to reverse a judgment sustaining an attachment levied on such realty where the owner conveyed it by warranty deed to a third person before the attachment was issued and levied and it is clear that such heirs have no interest in said realty.

Error to the Superior Court of Cook county; the Hon. Jesse Holdom, Judge, presiding. Heard in this court at the March term, 1913. Writ of error dismissed. Opinion filed June 9, 1913.

**Statement by the Court.** October 3, 1898, defendants in error brought an action of debt in the Superior

Court against Moses A. Thayer, the ancestor of the plaintiffs in error. December 19, plaintiffs filed an affidavit for an attachment in aid, on which a writ was issued and levied the same day on certain real estate in Cook county as the property of the defendant. Thayer conveyed the real estate so attached to Susan C. Ray by warranty deed dated and acknowledged October 5, 1898, but not recorded until December 31, 1898. December 30, 1898, she filed an interplea in the attachment proceeding, averring that the real estate so attached was when attached her property. Thayer filed a replication confessing the interplea. The plaintiffs in the suit in an additional replication averred that at the time when, etc., the title to said real estate stood of record in fee simple in the name of defendant Thayer, and that prior to the time of the levy they had no notice of the alleged ownership of said property by the interpleader. To this replication the interpleader demurred, her demurrer was overruled and she electing to stand by her demurrer, final judgment was entered at the time when, etc., the realty attached was not as against the plaintiffs the property of the interpleader. This judgment was affirmed by the Supreme Court in *Ray v. Keith,* 218 Ill. 182. On the first trial of the cause the jury found the issues on the merits for the plaintiff, but failed to agree on the issues in attachment. Judgment was entered February 24, 1900, against Thayer for $25,000 debt and $6,940.84 damages. Before the second trial on the attachment issues Thayer died and his administrator was substituted as defendant and filed a plea traversing the affidavit for attachment and also a plea traversing the amended affidavit for attachment which the court allowed plaintiffs to file. The interpleader and Bolan and Stewart, to whom she conveyed an undivided interest in the property attached, November 31, 1903, moved for leave to file an interplea instanter, but the court denied the motion. The moving parties then sued out a writ of

error from the Appellate Court where the judgment was affirmed, and on a writ of error from the Supreme Court to the Appellate Court was again affirmed. *Keith v. Ray*, 231 Ill. 213, affirming 134 Ill. App. 119. January 7, 1905, the court found the issues in attachment for the plaintiffs and entered judgment sustaining the attachment. To reverse this judgment the plaintiffs in error, as the heirs at law of the defendant Moses A. Thayer, prosecute this writ of error. The defendants in error interpose a motion to quash the writ of error and dismiss the proceeding.

Eugene Stewart, for plaintiffs in error; Park Phipps, of counsel.

Bayley & Webster, for defendants in error.

Mr. Justice Baker delivered the opinion of the court.

It is clear that the plaintiffs in error have no interest in the real estate attached. Their ancestor conveyed it to Susan C. Ray.

It is said in a note to the case of *William v. Gwyn*, 2 Williams' Saunders, 46c, that: "No person can bring a writ of error unless he is a party, or privy to the record or prejudiced by the judgment; the rule on the subject being that a writ of error can only be brought by him who would have had the thing if the erroneous judgment had not been given." The term privity denotes mutual or successive relationship to the same rights of property. 1 Greenleaf on Evidence, sec 189. The fact that Thayer conveyed to Susan C. Ray by warranty deed does not give plaintiffs in error the right to prosecute a writ of error to reverse the judgment sustaining the attachment, on the ground that the amount of their inheritance from Thayer may be "depleted" because of a breach of the covenants of such deed. The prejudice to a party

by reason of a judgment which will authorize him to sue out a writ of error to reverse it must be direct and certain. We are unable to perceive any ground on which plaintiffs in error can prosecute the writ of error.

The motion will be treated as a motion to dismiss the writ of error and will be allowed.

*Writ of error dismissed.*