COUNTRY MUTUAL INSURANCE COMPANY, Plaintiff-Appellant, *v.* REGENT HOMES CORPORATION *et al.*, Defendants-Appellees.

Fifth District   No. 77-382

Opinion filed August 31, 1978.

Philip G. Feder, of Ducey & Feder, Ltd., of Belleville, for appellant.

R. Frederick Melin, of Burroughs, Simpson, Wilson, Hepler and Broom, of Edwardsville, for appellees.

Mr. JUSTICE GEORGE J. MORAN delivered the opinion of the court:

Country Mutual Insurance Company appeals from a dismissal of its action to recover damages from Regent Homes Corporation and Signal LP Gas based upon strict liability for the defective design of a mobile

home and negligence in the installation of a propane tank connection which allegedly caused a fire resulting in property damage to Country Mutual's subrogor Alex M. Chouinard.

On June 14, 1972, an action was filed by Willard Borrenpohl, d/b/a Borrenpohl Sales, against Alex M. Chouinard, d/b/a Holliday Nurseries, in the circuit court of St. Clair County concerning a mobile home which was substantially damaged by fire while in the exclusive possession of Alex Chouinard. In December of 1972 Alex Chouinard filed a third-party complaint (cause No. 72-1815) against Regent Homes and Signal LP Gas Company to recover for damages to Chouinard's mobile home and its contents. Alex Chouinard died on February 13, 1973, and on September 6, 1973, the circuit court of St. Clair County entered an order substituting the executors of Alex Chouinard's estate as plaintiff in the third-party action against Regent Homes and Signal Gas. On May 10, 1974, the court dismissed this third-party action against Signal LP Gas for the failure of "third party plaintiff, Alex M. Chouinard, d/b/a Holliday Nurseries, Etc." to answer interrogatories and other discovery in accordance with a court order.

Country Mutual brought this action (cause No. 76-LM-2141) on April 7, 1976, seeking recovery against Regent Homes and Signal Gas by virtue of its purported subrogation to the rights of Alex M. Chouinard. Country Mutual alleged that it had insured Chouinard's mobile home and its contents against damage up to the amount of $7000 and that it had paid Alex Chouinard this amount as a result of a claim under the insurance policy. On July 27, 1976, the trial court dismissed Country Mutual's claim against Signal Gas on the grounds that the same cause had been previously dismissed by court order on May 10, 1974, in cause No. 72-1815. Country Mutual's motion to reconsider this order of dismissal was denied on May 25, 1977, and Country Mutual appealed.

■■ Country Mutual contends on appeal that the dismissal of Chouinard's third party action on May 10, 1974, was essentially for want of prosecution and therefore not a dismissal on the merits, that this order of dismissal was against a deceased person and therefore void, and that Chouinard's third-party action was a separate and distinct action and therefore the dismissal was not a bar to Country Mutual's action in this case.

Supreme Court Rule 273 describes the effect of an involuntary dismissal:

> "Unless the order of dismissal or a statute of this State otherwise specifies, an involuntary dismissal of an action, other than a dismissal for a lack of jurisdiction, for improper venue, or for failure to join an indispensable party, operates as an adjudication upon the merits." (Ill. Rev. Stat. 1973, ch. 110A, par. 273.)

Country Mutual argues that the May 10, 1974, order of dismissal qualifies as a statutory exception to Rule 273 because it was a dismissal for want of prosecution under section 24 of the Limitations Act (Ill. Rev. Stat. 1975, ch. 83, par. 24). If we were to construe the May 10 order as a dismissal for want of prosecution, Country Mutual would not be barred from bringing this action as Alex Chouinard's subrogee. (See *Franzese v. Trinko*, 66 Ill. 2d 136, 361 N.E.2d 585.) Section 24 provides in pertinent part:

> "In the actions specified in this Act or any other act or contract where the time for commencing an action is limited, if \* \* \* the action is dismissed for want of prosecution then, whether or not the time limitation for bringing such action expires during the pendency of such suit, the plaintiff, his heirs, executors or administrators may commence a new action within one year or within the remaining period of limitation, whichever is greater, after \* \* \* the action is dismissed for want of prosecution." (Ill. Rev. Stat. 1975, ch. 83, par. 24(a).)

However, the Supreme Court has held that a dismissal under Supreme Court Rule 219 (Ill. Rev. Stat. 1975, ch. 110A, par. 219) for failure to comply with court orders relating to discovery or pretrial conferences is not a dismissal for want of prosecution under section 24. (*Keilholz v. Chicago & North Western Ry. Co.*, 59 Ill. 2d 34, 319 N.E.2d 46.) Country Mutual contends that the May 10, 1974, order of dismissal is completely analogous to the dismissal order in *Franzese v. Trinko*, 66 Ill. 2d 136, 361 N.E.2d 585, and therefore within the terms of section 24. The order of dismissal in *Franzese*, however, was expressly for want of prosecution. The dismissal in this case for failure to comply with the discovery order clearly is not within the narrow scope of section 24 and cannot be construed as such. As Justice Schaefer noted in *Keilholz*:

> "There is a sense in which every procedural rule and sanction, if it is viewed from a sufficiently remote perspective, may be said to be designed to expedite the prosecution of cases. But the focus of section 24 is narrow. It states with precision the four types of orders with which it is concerned, and a dismissal for failure to comply with an order of the court is not one of them. \* \* \* [I]f all dismissal orders entered under Rule 219 for failure to comply with discovery and pretrial conference orders are to be considered as dismissals for want of prosecution under section 24, the result would be to eliminate the most effective sanction for the disregard of those orders. In our opinion the General Assembly did not intend, by the plain language of section 24, to accomplish that result." 59 Ill. 2d 34, 37-38.

Country Mutual next argues that the dismissal order of May 10, 1974, was void since it was entered against a deceased person. This contention

is without merit. The May 10 order expressly referred to "third party plaintiff Alex M. Chouinard, d/b/a Holliday Nurseries, Etc." This order was subsequent to a September 6, 1973, order substituting the executors of Chouinard's estate as plaintiffs in the action against Signal Gas and Regent Homes. The interrogatories which were the subject of the court's discovery order were answered by "Alex M. Chouinard, d/b/a Holliday Nursery, by his son and heir, David L. Chouinard, who was substituted as a party plaintiff in this cause by an order entered and filed on September 6, 1973." It was therefore the substituted party who failed to properly answer the interrogatories and a subsequent discovery order based on the interrogatories. The order of dismissal clearly was entered against Chouinard's executors as substituted plaintiffs and not against Chouinard. The cases cited by Country Mutual in support of its contention involved suits filed against deceased persons and are inapplicable to the circumstances of this case.

Country Mutual's final contention on appeal relates to the res judicata effect of the May 10, 1974, order. Country Mutual argues that it is not bound by the May 10 dismissal order in cause No. 72-1815 since it was not substituted as a party in that action and because Country Mutual's suit in the present cause as subrogee of Alex Chouinard is separate and distinct from Chouinard's action in cause No. 72-1815. The Illinois Supreme Court formulated a concise statement of the doctrine of res judicata in *Charles E. Harding Co. v. Harding*, 352 Ill. 417, 186 N.E. 152;

> "The doctrine of *res judicata* is, that a cause of action finally determined between the parties on the merits, by a court of competent jurisdiction, cannot again be litigated by new proceedings before the same or any other tribunal, except as the judgment or decree may be brought before a court of appellate jurisdiction for review in the manner provided by law. A judgment or decree so rendered is a complete bar to any subsequent action on the same claim or cause of action, between the same parties or those in privity with them. The doctrine extends not only to the questions actually decided but to all grounds of recovery or defense which might have been presented." (352 Ill. 417, 426.)

As the court noted in *Sweeting v. Campbell*, 2 Ill. 2d 491, 496, 119 N.E.2d 237, the doctrine of res judicata "is bottomed on the ground that the party to be affected, or someone with whom he is in privity, has litigated or has had an opportunity to litigate the same matter in a former action in a court of competent jurisdiction." Country Mutual essentially contends that it is not bound by the res judicata effect of the May 10, 1974, dismissal because it was not in privity with the executors of Chouinard's estate. Country Mutual concedes that its subrogation rights arose prior to the May 10 dismissal order, but argues that its interests are adverse to the interests of

Chouinard's executors. Illinois courts generally have accepted the definition of the concept of privity provided in the Restatement of Judgments:

> "Privity is a word which expresses the idea that as to certain matters and in certain circumstances persons who are not parties to an action but who are connected with it in their interests are affected by the judgment with reference to interests involved in the action, as if they were parties. The word 'privy' includes those who control an action although not parties to it * * *; those whose interests are represented by a party to the action * * *; successors in interest to those having derivative claims * * *." (Restatement of Judgments §83, Comment a (1942).) *Smith v. Bishop*, 26 Ill. 2d 434, 440, 187 N.E.2d 217 (Schaefer, J., dissenting); *Upper Lakes Shipping Ltd. v. Seafarers' International Union*, 40 Ill. App. 2d 392, 401, 189 N.E.2d 753.

■ Country Mutual was subrogated to the rights of Chouinard by its payment under the policy and was thus in privity with Chouinard with respect to the third party action against Regent Homes and Signal Gas. The substitution of Chouinard's executors as plaintiffs did not alter Country Mutual's relationship to the action or to the rights asserted in the action by the substituted plaintiff. The executors and Country Mutual had a "mutual or successive relationship to the same rights of property" and therefore were in privity. *Keith v. Thayer*, 181 Ill. App. 370.

Country Mutual cites *Stephan v. Yellow Cab Co.*, 30 Ill. App. 3d 996, 333 N.E.2d 223, in support of its contention that the dismissal order in cause No. 72-1815 is not a bar to the present action. In *Stephan* an initial action was brought by an insured for personal injuries sustained in an automobile accident. This action was dismissed for failure to comply with discovery orders and plaintiff's subrogee, the insurance company, brought a subsequent action against the same defendants to recover an amount paid under the insurance policy to the subrogor for property damages sustained in the action. The subrogee's suit was dismissed on the grounds that it was barred by the order of dismissal in the original action. The First District Appellate Court reversed this judgment and held that "the two suits involved were for separate and distinct causes of action; * * * a general adjudication of one had no bearing on the other; * * * the suit for property damage should not have been dismissed." 30 Ill. App. 3d 996, 999.

■ The decision in *Stephan* is clearly inapplicable to the circumstances of this case. Country Mutual's action to recover for amounts paid under Chouinard's policy for property damages here is identical to the third party action by Chouinard in cause No. 72-1815. The dismissal order of May 10, 1974, operated as an adjudication on the merits and Country

Mutual is bound by this judgment as a subrogee to Chouinard's rights. We therefore affirm the judgment of the trial court.

Affirmed.

JONES and FRIEDMAN, JJ., concur.