Stephen B. PHILLIPS,
Plaintiff-Appellant,

v.

GENERAL MOTORS CORPORATION,
Defendant-Appellee.

Court of Appeals of Tennessee,
Eastern Section.

Jan. 5, 1984.

Application for Permission to Appeal
Denied by Supreme Court
April 30, 1984.

Richard R. Baumgartner, Knoxville, for plaintiff-appellant.

John W. Baker, Jr., Knoxville, for defendant-appellee.

## OPINION

GODDARD, Judge.

Stephen B. Phillips, Plaintiff-Appellant, appeals a summary judgment in favor of General Motors Corporation, Defendant-Appellee, in a suit seeking damages for breach of warranty. He insists that contrary to the Trial Court's ruling, an adverse decision in a previous case against Knoxville Truck Sales did not give rise to the defense of *res judicata* or collateral estoppel, which would bar the present action.

The facts are not in dispute. On August 24, 1982, the Plaintiff filed suit against General Motors and Knoxville Truck Sales, seeking to rescind a contract for the purchase of a vehicle from Knoxville Truck Sales and damages for breach of warranties. By order entered January 27, 1981, it is recited that the Plaintiff had elected to pursue his remedy of revocation of acceptance and rescission of the contract as to Knoxville Truck Sales, whereupon, upon motion of General Motors, the suit against it was "dismissed with full prejudice."[1]

Thereafter, the present suit was filed. General Motors filed a motion for summary judgment supported by the Court's memorandum opinion which dismissed the previous case upon two grounds. First, that there was no substantial material deficiency as to the vehicle, and second that the Plaintiff never rejected his acceptance. In the course of his ruling, the Court stated the following:

---

**1.** The words "with prejudice" have been held to be surplusage in a voluntary dismissal order, *Garrett v. Corry Foam Products, Inc.,* 596 S.W.2d 808 (Tenn.1980). Although this dismissal was not voluntary it was apparently acquiesced in and General Motors makes no insistence that this language is a bar to the present action.

But there is no need to analyze those theories [other theories advanced] because plaintiff fails to carry the requirement to recover on two theories. At no time was there any substantial, material deficiency, I should say, in the value of this vehicle for the use which he purchased it for, that in the main, the matters that were wrong were minor in nature, though there were a number of them, all of which the defendant is supposed to, under the law, be given the opportunity to make corrections, which the Court finds that within two and a half months, it had done, on September 30. And for the further reason that there was further acceptance of this vehicle after these corrections were made on that date of September 30, and an effort to accept it again on December 20, rather than a rejection of acceptance.

For the reasons heretofore given, the Court must, therefore, find for the defendant, and tax the plaintiff with the costs that have not already been taxed against the defendant, Knoxville Truck Sales.

The rule as to *res judicata* and collateral estoppel set out in *Shelley v. Gipson*, 218 Tenn. 1, 12, 400 S.W.2d 709, 714 (1966), is easily stated but ofttimes difficult to apply:

The doctrine of res judicata is that an existing final judgment rendered upon the merits by a court of competent jurisdiction is conclusive of the rights, questions and facts in issue as to the parties and their privies in the same action in other judicial tribunals of concurrent jurisdiction. This doctrine is distinguished from the doctrine of collateral estoppel which precludes further litigation of the particular facts on which the jury or court necessarily made findings in the former action. Restatement of Judgments, sec. 68.

Application of the rule to the present controversy requires that we address in some detail the terms "cause of action" and "privity." In *Mattix v. Swepston*, 127 Tenn. 693, 155 S.W. 928 (1913), the Supreme Court was required to determine whether a particular action was local or transitory. In reaching its decision the Court said the following (127 Tenn. at 697, 155 S.W. at 929):

It may be safely said that no attempt so far to give an accurate definition of the term so as to meet the exigencies of all cases which may arise has been successfully made, and, indeed, such a general and inflexible definition could serve no particular purpose, and should not be attempted. With this qualification, it may be stated generally that the cause of action includes all the facts which together constitute the plaintiffs' right to maintain the action. This definition has the approval of such eminent authority as Mr. Justice Cooley in *Post v. Campau*, 42 Mich. [90,] 96, 3 N.W. 272, and Mr. Justice Johnson in *Marquat v. Marquat*, 12 N.Y. [336,] 341. Mr. Pomeroy, in his work on Remedies, gives substantially the same definition at section 521.

The text writers of American Jurisprudence Second recognize the varying definitions of cause of action, as shown by the following from 46 Am.Jur.2d, Judgments § 406.

The term "cause of action" is not easily defined, and the authorities have laid down no thoroughly satisfactory and all-embracing definition; it may mean one thing for one purpose and something different for another. A fundamental test applied for comparing causes of action, for the purpose of applying principles of res judicata, is whether the primary right and duty, and delict or wrong, are the same in each action. Under this test, there is but one cause of action where there is but one right in the plaintiff and one wrong on the part of the defendant involving that right. In general, it may be said that under the doctrine of res judicata, a judgment bars relitigation of the same controversy. Two actions have also been regarded as being based on the same cause of action where the issues in the first action were broad enough to comprehend all that was involved in the issues of the second action, or where the

two actions have such a measure of identity that a different judgment in the second would destroy or impair rights or interests established by the judgment in the first.

In order to preclude the maintenance, under the doctrine of res judicata, of a suit on the cause of action set forth in the subsequent action, it is unnecessary that the cause be identical in scope and content with that in the first action. It is clear that the identity of causes of action may not be determined by the test of whether the claims might have been joined in a single action. It is also a general rule that a party cannot, by merely varying the basis of jurisdiction, escape the operation of the principle of res judicata.

A similar and perhaps the most lucid exposition of the point is found in an older work, Freeman on Judgments, § 678, where he states in pertinent part as follows:

*Generally.*—There is no precise rule for determining what constitutes an entire cause of action since this depends to a considerable extent upon the particular facts of the case. A cause of action has been defined to be "Every fact which it would be necessary for the plaintiff to prove if traversed, in order to support his right to the judgment of the court." But in determining whether the causes of action in the two actions are the same for the purposes of estoppel or bar, it is necessary to consider their essential elements rather than the identity of the facts which may have been pleaded or proved as evidencing those elements. Disregarding those cases in which purely declaratory relief may be obtained, a right of action at law arises from the existence of a primary right in the plaintiff and an invasion of that right by some act or omission on the part of the defendant. The facts which establish the existence of that right and its violation constitute the cause of action. Thus where the gist of plaintiff's cause of action is his wrongful expulsion from a benefit society, the fact that in the first action he

alleged an expulsion without notice does not prevent an adverse judgment from barring a second action alleging an expulsion without making charges and without an opportunity to defend. The primary right in such a case was the membership in the society and the benefits flowing therefrom; the wrong was the wrongful expulsion regardless of the particular manner or means by which it was accomplished which were only evidential of the wrongful character of expulsion. The fact that a conspiracy was alleged in first action does not prevent the judgment from operating as a bar in the second action upon the same tortious act. A mere difference in the form of stating the causes of action or an omission in the statement of one to include one or more of the matters that are merely incidental or in aggravation of damages, does not make them different. The mere changing of the name of the thing objected to does not change the cause of action. Thus where the first action is to abate as a nuisance a gate across a road, and the second action is to cause the removal of the gate as an obstruction, the cause of action is the same. Although a plaintiff was improperly required to elect between two counts, if they were both based upon a single cause of action and he was not thereby deprived of an opportunity to present all the facts, an adverse judgment is a bar to a new action on the rejected count.

In the prior action the facts necessary to establish the right to relief required that the Plaintiff show the defects of the vehicle were so extensive as to substantially impair its value to him, (T.C.A. 47-2-608), while breach of warranty entitled one to recover for defects of a lesser degree. We recognize that this is a close question but are persuaded that a suit for rescission and revocation of acceptance and one for breach of warranties are different causes of action, and a plea of *res judicata* is therefore unavailing.

Our resolution of the *res judicata* question leads us to the second defense, collateral estoppel, which, as already noted

in the quotation from *Shelley*, precludes relitigation of issues between the parties or their privies in different causes of action provided resolution of the issue was necessary to the decision. *Scales v. Scales*, 564 S.W.2d 667 (Tenn.App.1977).

 In the prior case it is true the Chancellor found against the Plaintiff on two grounds. It, of course, is arguable that the factual determination as to either ground was not necessary to the opinion. Nevertheless, we are persuaded that the Rule which speaks of "necessary to the decision" does not mean to preclude collateral estoppel upon findings of more than one set of facts requiring a decision in favor of a particular party.

A final question—whether General Motors was in privity with Knox Tractor Sales—needs to be resolved.

 Privity in the traditional sense meant mutual or successive relationship to the same rights of property,[2] but various states have employed other definitions when used in the context of *res judicata* and collateral estoppel. For example, the State of Texas speaks of "those so connected in law with a party to the judgment as to have such an identity of interest that the party to the judgment represented the same legal right." *Olivarez v. Broadway Hardware, Inc.*, 564 S.W.2d 195 (Tex.Civ. App.1978). A case from California has used the same language and goes on to say the discernment of such a relationship rests "upon case-by-case examination." *Crumpler v. Board of Administration Employees' Retirement System*, 32 Cal.App.3d 567, 108 Cal.Rptr. 293 (Ct.App.1973).

 The Tennessee rule holds that privity as used in the context of *res judicata* does not embrace relationships between persons or entities, but rather to the subject matter of the litigation. *Cantrell v. Burnett & Henderson Co.*, 187 Tenn. 552, 216 S.W.2d 307 (1948).

 *Cantrell* involved—as does the case at bar—the manufacturer of a motor vehicle and a retail dealer. Although the Court did not specifically find privity, it did find that the judgment in favor of the retail dealer was binding upon the plaintiff and would bar a suit against the manufacturer. Notwithstanding the failure of the Supreme Court in *Cantrell* to find privity, we are persuaded, given the rule that privity relates to the subject matter of the litigation, that there was privity in *Cantrell* and also in the case at bar.

 Having reached this conclusion, we are of the further opinion that the facts found by the Chancellor relative to the breach of warranty may not again be litigated and that General Motors' plea of collateral estoppel was properly sustained.

For the foregoing reasons the Trial Court is affirmed and the cause remanded for collection of costs below. The costs of appeal are adjudged against the Plaintiff and his surety.

SANDERS and FRANKS, JJ., concur.

---

2. *Mitchell v. Austin*, 266 Ala. 128, 94 So.2d 391 (1957); *Rawson v. Brosnan*, 187 Ga. 624, 1 S.E.2d 423 (1939); *Upper Lakes Shipping Ltd. v. Seafarers' International Union of Canada*, 40 Ill.App.2d 392, 189 N.E.2d 753 (1963); *Hayes v. Ricard*, 251 N.C. 485, 112 S.E.2d 123 (1960).