22214

J. B. RICHBURG, Respondent, v. Leon M. BAUGHMAN, Appellant.
(325 S. E. (2d) 326)

Supreme Court

*James W. Alford* and *Robert C. Brown,* of *Barnes, Alford, Stork & Johnson,* Columbia, *for appellant.*

*M. M. Weinberg, Jr., Weinberg, Brown and McDougall,* Sumter, *for respondent.*

Submitted Dec. 14, 1984.

Decided Jan. 17, 1985.

HARWELL, Justice:

This negligence action arose out of a vehicle accident. The jury returned a verdict for the appellant Leon M. Baughman, and the trial judge granted the respondent J. B. Richburg's motion for a new trial. We affirm.

The respondent's minor daughter was driving in the right lane of a four-lane highway in a car belonging to the respondent. The appellant was driving a truck with an empty trailer in the right lane on the opposite side of the highway. The trailer separated from the truck, came across the highway, and struck the car driven by the respondent's daughter. She sustained bodily injuries, and the automobile was damaged. The respondent initiated this action against the appellant alleging negligence. The case went to trial, and the judge refused to charge the jury the statutes requiring brakes for trailers. After the jury found for the appellant, the judge granted the respondent's motion for a new trial on grounds that he improperly failed to charge Code §§ 56-5-4850, -4860 and -4870 (1976).

Section 56-5-4850 provides generally that every trailer operating upon a public highway shall be equipped with brakes. Subsection (c) states that "every vehicle . . . shall be equipped with brakes acting on all wheels except: (1) Trailers . . . of a gross weight not exceeding 3,000 pounds.[1] Subsection (d) provides that trailers with a gross weight "in excess of 3,000 pounds shall be equipped with brakes acting on all wheels and of such character as to be applied automatically and promptly and remain applied for at least fifteen minutes, upon breakaway from the towing vehicle." Gross weight is defined in § 56-5-360 as "the weight of a vehicle without load plus the weight of any load thereon."

The appellant asserts that, since the record establishes the gross weight of the empty trailer at 3,000 pounds or less, the statute requiring brakes on all wheels does not apply. He

---

[1] § 56-5-4850 contains several provisos to part (1) which could apply if a jury found that the trailer weighed 3,000 pounds or less.

contends that failure to charge the statute was proper and that the trial judge erroneously granted a new trial. We disagree. It is true that the trailer was empty when the accident occurred, and the record indicates that the empty trailer weighed between 2,000 and 3,000 pounds. However, the trailer was capable of carrying a 12,000 pound load, and the appellant actually carried articles in it weighing at least 1,000 pounds. Section 56-5-360 defines gross weight to be the vehicle's weight without load *plus* the weight of the load. Hence, the fact that the trailer was empty was irrelevant. The brake requirements for trailers should not vary depending upon how much weight a trailer is carrying. On the contrary, trailers should be equipped with brakes capable of stopping them when loaded at their maximum legal weight. The jury could find the trailer's gross weight to be as high as 15,000 pounds. If it then finds that each wheel was not equipped with brakes, § 56-5-4850 was violated.

The trial court properly granted a new trial in order to charge § 56-5-4850 (1976). At the new trial, the judge should also charge § 56-5-360 as a definition of gross weight.

In light of our disposition of the case, we need not address the other grounds on which the motion for a new trial was granted.

The judgment below is, accordingly,

Affirmed.

LITTLEJOHN, C. J., and NESS, GREGORY and CHANDLER, JJ., concur.