22635

J. B. RICHBURG, Respondent v. Leon M. BAUGHMAN, Appellant.

(351 S. E. (2d) 164)

Supreme Court

---

[1] Three thousand dollars for property damages and eight thousand dollars for personal injury.

*James W. Alford,* of *Barnes, Alford, Stork & Johnson,* Columbia, *for appellant.*

*M. M. Weinberg, Jr.,* of *Weinberg, Brown, and McDougall,* Sumter, *for respondent.*

Heard Oct. 22, 1986.

Decided Dec. 8, 1986.

HARWELL, Justice:

Appellant contends that respondent should have been collaterally estopped from claiming punitive damages in this car accident case. We disagree.

The trailer that appellant was towing broke loose from his truck, crossed a four-lane road, and struck respondent's car. Respondent's daughter, who was the sole occupant of the car, sustained bodily injuries as a result of the accident. Respondent sustained property damage to his car.

Two separate actions were commenced against appellant. Respondent's daughter sought actual and punitive damages for her injuries. Respondent sought recovery of his daughter's medical expenses as well as actual and punitive damages for the property loss to his vehicle.

Respondent's case was tried on June 6, 7, 8, and 9, 1982. The jury returned a verdict in favor of appellant. The trial court granted a new trial based on errors in the jury charge. This Court ultimately affirmed the trial court's order. *Richburg v. Baughman*, 283 S. C. 599, 325 S. E. (2d) 326 (1985). On June 14, 15, and 16, 1982, respondent's daughter presented her case before a jury. While both actual and punitive damages were requested, the jury returned a verdict in favor of respondent's daughter for actual damages only. No appeal was taken from the verdict.

When respondent's case came up for a new trial, he moved for summary judgment on the issue of actual damages. He claimed that appellant was collaterally estopped from denying liability because of the jury's verdict against appellant in the suit brought by respondent's daughter. Appellant subsequently made a motion for summary judgment on the issue of punitive damages. He maintained that respondent was collaterally estopped from recovering punitive damages since the jury had exonerated appellant from any punitive verdict in the prior suit brought by respondent's daughter.

The trial court granted respondent's motion for summary judgment as to actual damages but denied appellant's motion as to punitive damages. The parties stipulated the amount of the judgment for actual damages. The case proceeded to trial on the sole issue of whether respondent was entitled to punitive damages for his property loss.[1] The jury returned a verdict against appellant for punitive damages. Appellant's motion for j.n.o.v. and a new trial were denied.

The sole issue in this appeal is whether or not respondent should have been collaterally estopped from receiving punitive damages because the jury in his daughter's case had found in appellant's favor on the issue of punitive damages.

---

[1] The parties agreed that respondent would not be entitled to punitive damages in his derivative action for his daughter's medical expenses.

Under the doctrine of collateral estoppel, once a final judgment on the merits has been reached in a prior claim, the relitigation of those issues actually and necessarily litigated and determined in the first suit are precluded as to the parties and their privies in any subsequent action based upon a different claim. Stewart, *Res Judicata and Collateral Estoppel in South Carolina*, 28 S.C.L. Rev. 451 (1977); *see also Hart v. Bates*, 17 S. C. 35 (1881). Clearly the respondent was not a party to the prior action between his daughter and appellant. The only way he could have been precluded from litigating the issue of punitive damages, therefore, would have been if he was in privity with his daughter in the previous action.

There is no bright line test which can be applied to determine whether one is in privity with another. The term "privy," when applied to a judgment or decree, means one so identified in interest with another that he represents the same legal right. One in privity is one whose legal interests were litigated in the former proceeding. *First National Bank of Greenville v. United States Fidelity & Guaranty Co.*, 207 S. C. 15, 35 S. E. (2d) 47 (1945); *H. G. Hall Construction Co. v. J.E.P. Enterprises*, 283 S. C. 196, 321 S. E. (2d) 267 (Ct. App. 1984). Privity does not typically arise from the relationship between parent and child. *Sayre v. Crews*, 184 F. (2d) 723 (5th Cir. 1950); *Arsenault v. Carrier*, 390 A. (2d) 1048 (Me. 1978); *Whitehead v. General Telephone Co.*, 20 Ohio St. (2d) 108, 254 N. E. (2d) 10 (1969); *see also* Annot., 41 A.L.R. (3d) 536 (1972). "Privity" as used in the context of res judicata or collateral estoppel, does not embrace relationships between persons or entities, but rather it deals with a person's relationship to the subject matter of the litigation. *Phillips v. General Motors Corp.*, 669 S. W. (2d) 665 (Tenn. Ct. App. 1984). The United States Circuit Court of Appeals for the Second Circuit has held that there was no privity between an infant who was claiming damages for pain an suffering from a personal injury, and his mother who was claiming damages for the loss of her services resulting from the same injury. *Metropolitan St. Ry. Co. v. Gumby*, 99 F. 192 ( (2d) Cir. 1900).

"Some litigants — those who never appeared in a prior action — may not be collaterally estopped without litigating the issue. They never had a chance to

present their evidence and arguments on the claim. Due process prohibits estopping them despite one or more existing adjudications of the identical issue which stand squarely against their position. *See Hansberry v. Lee*, 311 U. S. 32, 40, 85 L. Ed. (2d) 22, 26, 61 S. Ct. 115, 132 A.L.R. 741 (1940); Bernhard, 19 Cal. (2d), at 811, 122 P. (2d), at 894." *Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation*, 402 U. S. 313, 329, 91 S. Ct. 1434, 1443, 28 L. Ed. (2d) 788, 800 (1971). Since the father was neither a party in the previous action nor in privity with such a party, the prior verdict refusing punitive damages is not applicable to the father. In *Irby v. Richardson*, 278 S. C. 484, 486, 298 S. E. (2d) 452, 454 (1982) we stated that, "a defendant could assert a plea of collateral estoppel against a plaintiff who had previously had a full and fair opportunity to litigate the relevant issue effectively in a prior action. *Graham v. State Farm Fire and Casualty Insurance Company*, 277 S. C. 389, 287 S. E. (2d) 495 (1982)." The respondent in this case had never gotten his day in court. The trial court was correct in denying appellant's motion for summary judgment.

Affirmed.

NESS, C. J., and CHANDLER, J., concur.

Acting Associate Justices BRUCE LITTLEJOHN and RODNEY A. PEEPLES, concur.

GREGORY and FINNEY, JJ., not participating.