0911

Essie Brinson WYNDHAM a/k/a Mrs. Essie Wyndham, Appellant v. Willis D. LEWIS, Azalee T. Lewis, Sheldon D. Lewis and Beverly L. Cales; M. A. Mixson, H. B. Tarte and Thomas E. Tarte, all of whom are deceased; Flora McLean, Christine Tarte, Duncan Tarte, Nolia Broach, Elia Frazier, Emily McLean, Alice Frazier, Viola Medlin, H. B. Tarte, Jr. and Norma Taylor, if they or any of them be alive; and John Doe and Jane Roe, fictitious names used to designate all of the unknown heirs and distributees of M. A. Mixson, H. B. Tarte, and Thomas E. Tarte, deceased, and also of Flora McLean, Christine Tarte, Duncan Tarte, Nolia Broach, Elia Frazier, Emily McLean, Alice Frazier, Viola Medlin, H. B. Tarte, Jr. and Norma Taylor, if they or any of them be dead; and also of all other persons unknown claiming any right, title, interest or estate in or lien upon the real estate described in the Complaint and herein-below, including such as may be minors, incompetents or otherwise under any disability — of whom Willis D. Lewis, Azalee T. Lewis, Sheldon D. Lewis and Beverly L. Cales are Respondents.

354 S. E. (2d) 578)

Court of Appeals

*Thomas P. Stoney, II,* of *Stoney and Stoney,* and *William J. Hamilton, III,* Charleston, *for appellant.*

*Donald M. Holler,* Moncks Corner, *for respondents.*

Heard Feb. 24, 1987.

Decided March 23, 1987.

GOOLSBY, Judge:

This is an action by Essie Brinson Wyndham against Willis D. Lewis and others to quite title to certain real estate. The hearing judge granted Lewis and the other defendants summary judgment. Wyndham appeals. The issue we address concerns whether Wyndham's son James Wyndham was in privity with her for purposes of res judicata and collateral estoppel when he defended a former action and prosecuted a counterclaim therein. We reverse.

In 1983, Lewis sued James alleging trespass and waste regarding the same parcel of land that is the subject of the instant action. James answered, alleging that his mother held fee simple absolute title to the property. He also counterclaimed against Lewis on behalf of himself and his mother, alleging trespass. Neither Lewis nor James moved to make Wyndham a party to the action. Lewis never served Wyndham with a summons and Wyndham never entered an appearance in the action. After a bench trial, the circuit court found in Lewis' favor, holding that James failed to prove that Wyndham owned the subject property.

Wyndham instituted the present action two years later. The hearing judge granted Lewis and the other defendants summary judgment on the grounds that principles of res judicata and collateral estoppel barred the action. Because the trial judge in the former action, when ruling on an objection to evidence challenged as hearsay, stated that either James acted as Wyndham's agent or Wyndham acted

as his, the hearing judge regarded Wyndham as being in privity with her son.

As our Supreme Court recently explained in *Richburg v. Baughman*, 290 S. C. 431, 434, 351 S. E. (2d) 164, 166 (1986), " '[p]rivity' as used in the context of res judicata or collateral estoppel, does not embrace relationships between persons or entities, but rather it deals with a person's relationship to the subject matter of the litigation." Under this rule, the term "privity" means mutual or successive relationship to the same rights of property. *Rabil v. Farris*, 213 N. C. 414, 196 S. E. 321, 116 A. L. R. 1083 (1938); 46 Am. Jur. (2d) *Judgments* § 532 at 684 (1969); 50 C. J. S. *Judgments* § 788 at 324 (1947). The term can also refer to a person so identified in interest with another that he represents the same legal rights. *First National Bank of Greenville v. U. S. Fidelity & Guaranty Co.*, 207 S. C. 15, 35 S. E. (2d) 47 (1945). "An agent and his principal are not, merely as such, in privity with each other. . . ." 46 Am. Jur. (2d) *Judgments* § 569 at 729 (1969).

We hold that James was not so identified in interest with Wyndham in the former action that he represented the same legal rights that Wyndham now asserts in the present action since nothing in the record indicates Wyndham was a party to the former action or was given notice of the action and an opportunity to participate therein or James, as Wyndham's agent, acted within the scope of the authority conferred on him in defending the former action and in prosecuting the counterclaim therein. 46 Am. Jur. (2d) *Judgments* § 569 at 730 (1969); 50 C. J. S. *Judgments* § 807 at 352-53 (1947). The hearing judge, therefore, improperly granted Lewis summary judgment.

Reversed and remanded.

SANDERS, C. J., and CURETON, J., concur.