THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Bertha J. Wilson, Personal Representative of the Estate of Albert Judge, Appellant,
 
 
 

v.

 
 
 
 Primerica Life Insurance Company and Stephanie M. Graham, Respondents.
 
 
 

Appeal From Charleston County
 Mikell R. Scarborough, Special Circuit Court Judge

Unpublished Opinion No. 2006-UP-365
Submitted October 1, 2006  Filed October 24, 2006    

AFFIRMED

 
 
 
 Dennis Robert Toney, Jr., of Charleston, for Appellant.
 Robert H. Hood, Molly H. Craig, D. and Nathan Hughey, of Charleston, for Respondents.
 
 
 

PER CURIAM: This appeal is from the dismissal of the underlying complaint.  We affirm. [1]
Albert Judge died on July 19, 2000.  Desiree Pryor, the named beneficiary under a policy with Primerica Life Insurance, applied for the death benefit proceeds.  Primerica denied Pryors claim and commenced an action in the Court of Common Pleas in Berkeley County to rescind the policy. Pryor counterclaimed on various tort and contract grounds.  The trial court granted summary judgment to Pryor on one ground but otherwise granted summary judgment to Primerica Life.
While the summary judgment motions were pending in Pryors action in Berkeley County, Beth Wilson, the personal representative of Albert Judges estate (and also Judges sister, the mother of Desiree Pryor, and the contingent beneficiary on the policy), brought this action in Charleston County.  The trial court granted summary judgment to Primerica on all causes, and Wilson appeals.  
We affirm based on the doctrine of res judicata.  To establish res judicata, the following elements must be established: (1) identity of the parties; (2) identity of the subject matter; and (3) adjudication of the claim in the former suit.  Plum Creek Dev. Co., Inc. v. City of Conway, 334 S.C. 30, 34, 512 S.E.2d 106, 109 (1999). Here, the subject matter is absolutely identical and all relevant issues were adjudicated in the prior suit.  As the trial court correctly stated, [b]oth cases concern the same policy of insurance [and] nearly identical causes of action.  While Wilson contends the parties are not identical, as neither she nor Stephanie Graham were parties in the Berkeley County action, this argument fails because, under South Carolina law, the doctrine of res judicata extends to include privy parties.  Nunnery v. Brantley Constr. Co., Inc., 289 S.C. 205, 209, 345 S.E.2d 740, 743 (Ct. App. 1986).  In the context of res judicata, the term privity does not refer to relationships between persons or entities, but rather it deals with a persons relationship to the subject matter of the litigation.  Richburg v. Baughman, 290 S.C. 431, 434, 351 S.E.2d 164, 166 (1986).  The term can also refer to a person so identified in interest with another that he represents the same legal rights.  Wyndham v. Lewis, 292 S.C. 6, 8, 354 S.E.2d 578, 579 (Ct. App. 1987).  This action was properly dismissed pursuant to the doctrine of res judicata.
In view of our disposition of this issue, we need not address the remaining issues. Rule 220(c), SCACR; See also Whiteside v. Cherokee County Sch. Dist. No. One, 311 S.C. 335, 340, 428 S.E.2d 886, 889 (1993).  Therefore, the judgment of the circuit court is 
AFFIRMED. 
HEARN, C.J., STILWELL, and KITTREDGE, JJ., concur.

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.