THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2),
SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 State of South Carolina, Respondent,
 v.
 Phyllis W. Griffith, as Personal Representative of the Estate of Jack W. Griffith, and James H. Southard, Jr., Defendants,
 Of Whom James H. Southard, Jr. is Appellant.
 
 
 

Appeal From Charleston County
J. Mark Hayes, II, Circuit Court Judge

Unpublished Opinion No. 2011-UP-224
Submitted April 6, 2011  Filed May 18, 2011

AFFIRMED

 
 
 
 G. Thomas Hill, of Ravenel, for Appellant.
 Attorney General Alan Wilson, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy General Salley W. Elliott and Assistant Attorney
 General J. Emory Smith, Jr., of Columbia, for Respondent.
 
 
 

PER CURIAM: In 1964 Jack Griffith[1] bought a parcel of coastal property that includes land below the mean
high water mark and highland above it.  In 1975, our supreme court determined the State of South Carolina owned the land below the mean high water
mark.  State v. Griffith, 265 S.C. 43, 46-48, 216 S.E.2d 765, 766-67 (1975).  In 2004, this court determined that the State also owned the
highland because it was not in Griffith's chain of title and the land existed only as a result of man-made changes.  Greene v. Griffith, Op. No.
2004-UP-056 (S.C. Ct. App. filed Jan. 29, 2004).  In September 2003, after the circuit court issued its order in Greene, but before this court's
opinion affirming it, Southard sent Griffith a letter expressing his interest in buying the land.  Griffith told Southard the property was in
litigation.  Griffith later told Southard he lost the case on appeal, after which, Southard sent him a letter asking to buy the property.  At
Southard's insistence, Griffith sold him the land for $50,000 on January 25, 2005.  Griffith's wife testified that "Dr. Southard thought that he could
get [title] cleared." 
Southard and his lawyer had the Griffith and Greene opinions before the closing.[2]  Southard
requested that Griffith include language in the deed excluding Griffith's liability for claims of the State.  Southard also asked his lawyer to "draw
up" an affidavit for Griffith which stated that "as to the highland and title to said property has never been disputed or questioned to the knowledge
of the undersigned, except that the State claims superior title to marshland." 
On June 7, 2006, the State filed suit against Griffith and Southard alleging the deed was void and fraudulent, seeking to eject Southard, and requesting that
the court confirm its title to the highland.  Southard filed a counterclaim against the State seeking to quiet title to the highland or, alternatively,
alleging an unconstitutional taking.  One of the State's defenses to the counterclaim was the res judicata effect of Greene.  The State made a
motion for summary judgment against Southard as to the void deed and ejectment causes of action, and as to Southard's counterclaim.  The circuit court
granted the motion.  The court denied Southard's motion to alter or amend the judgment. 
Southard appeals arguing a soils report he obtained in 2008 is newly discovered evidence which establishes the highland is natural and not man-made, and
makes this court's conclusion in Greene incorrect.  He alleges this is evidence of fraud upon the court under Rule 60(b)(3), SCRCP.  He also
argues he did not have actual or constructive notice of the State's claim to title as established in Greene.
We affirm[3] pursuant to Rule 220(b)(1), SCACR, and the following authorities:
(1) As to whether Southard is bound by this court's decision in Greene: Venture Eng'g, Inc. v. Tishman Constr. Corp. of S.C., 360 S.C. 156,
162, 600 S.E.2d 547, 550 (Ct. App. 2004) ("'[R]es judicata provides that final judgment on the merits of an action precludes the parties or their
privies from relitigating claims that were or could have been raised in that action.'" (quoting In re S.N.A. Nut Co., 215 B.R. 1004, 1008 (1997)
(emphasis added))); see Plum Creek Dev. Co. v. City of Conway, 334 S.C. 30, 34, 512 S.E.2d 106, 109 (1999) ("To establish res judicata, the
defendant must prove the following three elements: (1) identity of the parties; (2) identity of the subject matter; and (3) adjudication of the issue in the
former suit."); Wyndham v. Lewis, 292 S.C. 6, 8, 354 S.E.2d 578, 579 (Ct. App. 1987) ("'Privity as used in the context of res judicata . . .
does not embrace relationships between persons or entities, but rather it deals with a person's relationship to the subject matter of the litigation.' 
Under this rule, the term 'privity' means mutual or successive relationship to the same rights of property." (quoting Richburg v. Baughman,
290 S.C. 431, 434 351 S.E.2d 164, 166 (1986) (emphasis added)). 
(2) As to whether the soils report is evidence of fraud that would allow Southard to challenge Greene: Evans v. Gunter, 294 S.C. 525, 528, 366
S.E.2d 44, 46 (Ct. App. 1988) ("The doctrines of res judicata and collateral estoppel do not bar collateral attack of a judgment based on fraud."); but
see Perry v. Heirs at Law, 357 S.C. 42, 47, 590 S.E.2d 502, 505 (Ct. App. 2003) ("[P]roving fraud upon the court requires showing that the
perpetrator acted with the intent to defraud, for there is no such thing as accidental fraud.").
(3) As to the remaining notice issue: Futch v. McAllister Towing of Georgetown, Inc., 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (recognizing that
an appellate court need not address remaining issues when resolution of another issue is dispositive).
AFFIRMED.
FEW, C.J., THOMAS, and KONDUROS, JJ., concur.

[1] Griffith died before the circuit court's final order in this case, and was substituted by his personal
representative, Phyllis Griffith. 
[2] The Greene opinion, as it appeared on the Charleston County website, only included every other page of
the opinion.  However, it contained pages with statements indicating this court affirmed the trial court.  
[3] We decide this case without oral argument pursuant to Rule 215, SCACR.