608 S.E.2d 855

James NELSON, Jr., as guardian ad litem for Ty'Quain
S. Nelson, a minor child, Respondent/Petitioner,

v.

QHG OF SOUTH CAROLINA, INC., d/b/a Carolina Hospital
System, Quorum Health Group, Inc., Drs. Coker, Phillips, and
Haswell, P. A., and Thomas W. Phillips, M.D., Defendants,

of whom Drs. Coker, Phillips, and Haswell, P.A. and Thomas
W. Phillips, M.D. are, Petitioners/Respondents.

No. 25931.

Supreme Court of South Carolina.

Heard Nov. 30, 2004.

Decided Jan. 24, 2005.

422

Edward L. Graham, of Graham Law Firm, P.A., of Florence, for respondent/petitioner.

Robert H. Hood, D. Nathan Hughey, Deborah Harrison Sheffield, and Molly Craig, of Hood Law Firm, LLC, of Charleston, for petitioners/respondents.

Justice MOORE.

Respondent/petitioner (Grandfather) appealed the circuit court's decision granting petitioners/respondents' (the Doctors') motion to dismiss on the bases *res judicata* and collateral estoppel barred Grandfather from asserting the same arguments advanced in a previous suit against Dr. Thomas W. Phillips. The Court of Appeals reversed. *Nelson v. QHG of South Carolina, Inc.*, 354 S.C. 290, 580 S.E.2d 171 (Ct.App. 2003). We affirm in part and reverse in part.

## FACTS

In 1996, Latonia Nelson (Mother), as guardian *ad litem* for Ty'Quain S. Nelson, brought a medical malpractice action against Carolina Women's Center and Thomas W. Phillips, M.D. for injuries allegedly caused during the delivery of Ty'Quain. When Mother failed to identify any experts who would testify to a breach of the standard of care, the circuit court granted Dr. Phillips' motion for summary judgment. However, the circuit court granted Mother thirty days to file a motion to reconsider along with an affidavit from an expert establishing a breach of the standard of care. No motion to reconsider was filed.

James Nelson, Jr. (Grandfather) brought this medical malpractice action in 2001 against Dr. Phillips, his medical group

(the Doctors), Carolina Hospital System, and Quorum Health Group, Inc.[1] alleging negligence on the part of Dr. Phillips and the Doctors in the delivery of Ty'Quain. Grandfather consented to the dismissal of Dr. Phillips after being advised of the prior lawsuit. The Doctors then filed a motion to dismiss, which was granted by the circuit court.

## ISSUES

I. Did the Court of Appeals err by finding the medical malpractice claim is barred and by finding the negligent record-keeping claim is not barred by the doctrines of collateral estoppel and *res judicata* ?

II. Did the Court of Appeals err by failing to hold the collateral estoppel doctrine inapplicable because the first court order was a consent order, prior counsel was inadequate, the Doctors could have joined in the prior case, and due to policy considerations?

## DISCUSSION

### I

■ The Court of Appeals held Grandfather's action was properly dismissed against Dr. Phillips based on *res judicata* and collateral estoppel. However, the court held that Grandfather could maintain his claim against the Doctors for negligent medical record-keeping since that was ·an independent basis of liability separate from Dr. Phillips' liability. The Doctors contend this was error.

We find Grandfather is barred from bringing a negligent record-keeping claim against the Doctors because Dr. Phillips' negligence has previously been litigated and determined in the first action of Mother versus Dr. Phillips. *See Richburg v. Baughman*, 290 S.C. 431, 351 S.E.2d 164 (1986) (under doctrine of collateral estoppel, once final judgment on the merits has been reached in prior claim, relitigation of those issues actually and necessarily litigated and determined in the first

---

1. The claims against QHG of South Carolina, Inc., d/b/a Carolina Hospital System, and Quorum Health Group, Inc. are not at issue in this appeal.

suit are precluded in any subsequent action based upon a different claim).

Grandfather's claims against the Doctors are collaterally estopped because there was a fair and full opportunity to litigate those claims in the earlier suit. Previously, the 1996 circuit court found that Mother had not produced an expert witness stating the standard of care and stating that Dr. Phillips had breached the standard of care and, therefore, Mother's action did not present a genuine issue of material fact as to whether medical malpractice had occurred. *See Pederson v. Gould,* 288 S.C. 141, 341 S.E.2d 633 (1986) (in medical malpractice actions, plaintiff must use expert testimony to establish both required standard of care and doctor's failure to conform to that standard). As a result, the 1996 circuit court granted summary judgment to Dr. Phillips and dismissed the action with prejudice. Accordingly, the ability to subsequently raise any claim regarding Dr. Phillips' negligence was extinguished when summary judgment was granted to Dr. Phillips. *See Baird v. Charleston County,* 333 S.C. 519, 511 S.E.2d 69 (1999) (summary judgment is adjudication on the merits). Grandfather does not allege that any employee of the Doctors, other than Dr. Phillips, was negligent for failing to maintain medical records. Grandfather is attempting to try the previously decided medical malpractice claim through a claim of negligent record-keeping. However, negligent record-keeping is not a separate claim under these facts.

Accordingly, the Court of Appeals erred by finding Grandfather could proceed against the Doctors via a negligent record-keeping claim.

## II

Grandfather argues the Court of Appeals erred by: (1) failing to hold the order in the prior case was a consent order which bars the application of collateral estoppel; (2) failing to hold collateral estoppel should not bar the action because prior counsel was inadequate; (3) failing to hold collateral estoppel should not be applied because the Doctors could have joined in the prior case; and (4) failing to hold policy considerations should bar the application of collateral estoppel.

*Consent Order*

■ Grandfather argues that when counsel in the 1996 action consented to the summary judgment order, the consent barred the use of collateral estoppel. The Court of Appeals found the consent order exception contained in Restatement (Second) of Judgments § 51 (1982) did not apply.

Restatement (Second) of Judgments § 51 (1982) provides, in pertinent part:

If two persons have a relationship such that one of them is vicariously responsible for the conduct of the other, and an action is brought by the injured person against one of them, the judgment in the action has the following preclusive effects against the injured person in a subsequent action against the other.

. . .

(4) A judgment by consent for or against the injured person does not extinguish his claim against the person not sued in the first action . . .

In the 1996 summary judgment order, the trial court noted that, "At the conclusion of the hearing, [Mother's counsel] agreed the relief granted herein was appropriate and he consented thereto." This language does not convert the summary judgment order into a consent order.

Accordingly, the Court of Appeals did not err by failing to adopt the restatement as requested by Grandfather and by failing to find the consent order exception to be applicable.

*Inadequate Representation*

■ Grandfather argues counsel's representation in the 1996 suit was so inadequate that collateral estoppel should not be applied. We find the Court of Appeals properly concluded the argument was without merit. *See Dennis v. First State Bank of Texas,* 989 S.W.2d 22 (Tex.App.1998) (to allow appellants another chance to relitigate issues that should have been brought in previous suit would allow losing party to relitigate cause of action based solely on an assertion of inadequate representation). The remedy for inadequate representation is a malpractice action against the child's former counsel, not a second action attempting to bring the same suit.

*Joinder*

■ Grandfather argues the Court of Appeals erred by failing to hold there should be an exception to collateral estoppel in this case because the Doctors could have easily joined in the first case. However, Grandfather's argument is not preserved for review because the argument was not raised as a separate issue until Grandfather filed a petition for rehearing with the Court of Appeals. *See* Rule 226(d)(2), SCACR (issue must have been raised in initial arguments to Court of Appeals).

*Policy Considerations*

■ Grandfather argues the Court of Appeals erred by failing to find that policy considerations should bar the application of collateral estoppel.

Grandfather asserts that if collateral estoppel is applied in this case to preclude an innocent minor's action against the Doctors, this would violate the principles of fundamental fairness, the judicial preference for disputes to be resolved after full litigation and determination of the substantive issues, and the overriding need for the interests of minors to be protected by the law.

Under the circumstances of this case, Grandfather's policy considerations do not override the interest of bringing an end to litigation and the interest of ensuring a defendant is not being forced to defend the same action repeatedly. *See First Nat'l Bank v. U.S. Fidelity and Guar. Co.,* 207 S.C. 15, 35 S.E.2d 47 (1945) (public interest requires end to litigation and no one should be twice sued for same cause of action). As noted above, the remedy is a malpractice action against the former counsel, not a second attempt to bring the same suit. Accordingly, the Court of Appeals did not err by failing to find policy considerations bar the application of collateral estoppel.

**AFFIRMED IN PART, REVERSED IN PART.**

TOAL, C.J., WALLER and BURNETT, JJ., concur.

PLEICONES, J., concurring in result only.