THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Barry Rosenblum, Appellant/Respondent,
v.
Michael and Gale Carbone, and Doug Muraglia, Nick Rini and Fedfirst Mortgage Corporation and Laurich &
Deeb, P.A., as Escrow Agent, and Suntrust Mortgage Corporation, Defendants, of whom, Nick
Rini, Suntrust Mortgage Corporation and Doug Muraglia, are, Respondents/Appellants
and
Michael and Gale Carbone, and FedFirst Mortgage Corporation, are,
Respondents.
 
 
 

Appeal From Beaufort County
Thomas Kemmerlin, Circuit Court Judge

Unpublished Opinion No. 2005-UP-298
Heard April 4, 2005  Filed April 26, 2005
Withdrawn, Substituted, and Refiled on June 22, 2005

AFFIRMED

 
 
 
Capers G. Barr, III, of Charleston, and Gregory Milam Alford, of Hilton Head Island, for Appellant-Respondent.
Gale Carbone, Pro Se, of South Belmar, and Ralph E. Tupper, of Beaufort, for Respondents.
Charles H. Gibbs, Jr., of Charleston, and Thomas Holloway, of Beaufort, for Respondent-Appellants.
 
 
 

PER CURIAM:    This is an appeal from the final order of the trial court:  (1) entering judgment against Doug Muraglia and Michael and Gayle[1] Carbone for civil conspiracy; (2) refusing to subordinate the interests in real property of Nick Rini and Suntrust Mortgage to a mortgage held by Rosenblum; and (3) denying Rosenblums foreclosure of the mortgage.  We affirm.
FACTS
Rosenblum, Michael Carbone (Carbone), and Muraglia are all residents of New Jersey.  Rosenblum testified that after liquidating a family business, he placed the assets in several law firm trust accounts, including a firm for which both Carbone and Muraglia worked.  When Rosenblum requested Carbone return the money, Carbone initially stalled.  He subsequently admitted that he and Muraglia had invested the money in different things and had lost the money.  In order to repay Rosenblum, Carbone executed in favor of Rosenblum a mortgage note for $200,000.  He secured the debt with a mortgage on property in Hilton Head he and Gayle had purchased in 1997.  Although Gayles signature appears on the mortgage dated March 20, 2000, which purports to convey a mortgage interest on the entire property, Gayle in fact had conveyed her half interest in the property to Muraglia in 1998.[2]   In addition, Michael Carbone signed a Demand Promissory Note in the amount of $220,300 to Rosenblum.  Rosenblums counsel acknowledged at oral argument that both notes constituted the same obligation.  
Four days after executing the notes and mortgage in favor of Rosenblum, Carbone deeded his one-half interest in the property to Muraglia.  Muraglia then filed and recorded his deed in the Office of the Register of Deeds for Beaufort County on March 29, 2000.  Rosenblum did not record his mortgage until March 31, 2000.  
On October 6, 2000, Rosenblum brought suit against Carbone in New Jersey to collect on the Demand Promissory Note.  He maintained in the action that the note was secured by the mortgage on the Hilton Head property.  On April 4, 2001, Carbone declared bankruptcy.  In his petition to the bankruptcy court, Carbone listed the $220,300 note as an unsecured debt owed to Rosenblum.  The bankruptcy court discharged the note.  As a result, on September 28, 2001, the New Jersey court dismissed Rosenblums action with prejudice, finding the note was discharged.  
In the meantime, Rosenblum initiated the current action.  On February 27, 2001, Rosenblum filed a lis pendens in Beaufort County on the Hilton Head Property.  Twenty-one days later, after the lis pendens expired, Rosenblum filed the original complaint in this action, seeking to set aside the conveyance from Carbone to Muraglia.  The complaint alleged Carbone transferred the property to Muraglia in an attempt to defraud Rosenblum.  
On April 20, 2001, Muraglia entered into a contract to sell the Hilton Head property to Rini.  On November 19, 2001, the attorney handling the closing for both Muraglia and Rini sent a fax request to Rosenblums attorney to determine the status of the lis pendens and to have it removed from the property.  Even though the lis pendens was not removed, Muraglia sold the property to Rini on November 26, 2001.  
Rosenblum amended his complaint to add as parties Rini and FedFirst, which had Rinis mortgage on the property.  In his second amended complaint, Rosenblum alleged the Carbones and Muraglia engaged in a civil conspiracy and sought the additional relief of foreclosure on the mortgage to the Hilton Head property, equitable subordination, and an injunction as to the proceeds of the sale to Rini.  
The trial court found the Carbones and Muraglia engaged in a civil conspiracy to cheat [Rosenblum] from his money.  It awarded as damages the amount that would have been due under the note, $269,500.00.  However, the trial court concluded Rini was an innocent purchaser for value of the property and refused to subordinate FedFirsts mortgage or Rinis ownership to the interest of Rosenblum.  Finally, the referee found the mortgage held by Rosenblum was not entitled to be recorded . . . .  Rosenblum filed a motion to reconsider, which was denied.  Rosenblum, Muraglia, and Rini appealed.  
STANDARD OF REVIEW
Whether the action is one at law or in equity is determined by the nature of the pleadings and the character of the relief sought.  In re Estate of Holden, 343 S.C. 267, 278, 539 S.E.2d 703, 709 (2000).  The appellate court will apply the appropriate standard of review for a particular issue in a case that contains both legal and equitable issues.  Eldridge v. City of Greenwood, 331 S.C. 398, 416, 503 S.E.2d 191, 200 (Ct. App. 1998).   
An action for civil conspiracy is an action at law; the trial judges findings will be upheld on appeal unless they are without evidentiary support.  Gynecology Clinic v. Cloer, 334 S.C. 555, 557, 514 S.E.2d 592, 592-93 (1999).  This case also involves Rosenblums requests to foreclose his mortgage.  An action to foreclose a real estate mortgage is an action in equity.  BB & T of S.C. v. Kidwell, 350 S.C. 382, 387, 565 S.E.2d 316, 319 (Ct. App. 2002).  On appeal from an action in equity, this court may find facts in accordance with its views of the preponderance of the evidence.  Townes Assocs., Ltd. v. City of Greenville, 266 S.C. 81, 86, 221 S.E.2d 773, 775 (1976).   
LAW/ANALYSIS
 A.     Personal and Subject Matter Jurisdiction
Muraglia asserts the trial court erred in denying his motion to dismiss due to lack of personal and subject matter jurisdiction.  As to the issue of personal jurisdiction, we find Muraglias argument so conclusory as to be abandoned.  See Glasscock, Inc. v. U.S. Fidelity and Guar. Co., 348 S.C. 76, 81, 557 S.E.2d 689, 691 (Ct. App. 2001) (South Carolina law clearly states that short, conclusory statements made without supporting authority are deemed abandoned on appeal and therefore not presented for review.).   
Although Muraglias argument as to the trial courts lack of subject matter jurisdiction is equally conclusory, we will address this argument as this court may address the issue of subject matter jurisdiction sua sponte.  See Lake v. Reeder Constr. Co., 330 S.C. 242, 248, 498 S.E.2d 650, 653 (Ct. App. 1998) (Lack of subject matter jurisdiction can be raised at any time, can be raised for the first time on appeal, and can be raised sua sponte by the court.).  
Subject matter jurisdiction is the courts power to hear and determine a particular class of cases.  Whaley v. CSX Transp., 362 S.C. 456, ___, 609 S.E.2d 286, 295 (2005).  The trial court certainly had the power to hear and determine actions for  subrogation and foreclosure of a mortgage and civil conspiracy.  Accordingly we find Muraglias argument that the trial court lacked subject matter jurisdiction is meritless.  
B.      Res Judicata and Collateral Estoppel
Muraglia argues Rosenblums claims are barred by the doctrines of res judicata and collateral estoppel.  He maintains Rosenblum raised the same issues or could have raised the issues in his New Jersey lawsuit.  We agree.[3]
Res judicata bars subsequent actions by the same parties when the claims arise out of the same transaction or occurrence that was the subject of a prior action between those parties.  Plum Creek Dev. Co., Inc. v. City of Conway, 334 S.C. 30, 34, 512 S.E.2d 106, 109 (1999).  Under the doctrine of res judicata, [a] litigant is barred from raising any issues which were adjudicated in the former suit and any issues which might have been raised in the former suit.  Id.  (quoting Hilton Head Ctr. of S.C., Inc. v. Pub. Serv. Commn of South Carolina, 294 S.C. 9, 11, 362 S.E.2d 176, 177 (1987)).  To establish res judicata, the defendant must prove the following three elements:  (1) identity of the parties; (2) identity of the subject matter; and (3) adjudication of the issue in the former suit. 
Id.  
Under the doctrine of collateral estoppel, once a final judgment on the merits has been reached in a prior claim, the relitigation of those issues actually and necessarily litigated and determined in the first suit are precluded as to the parties and their privies in any subsequent action based upon a different claim.  Richburg v. Baughman, 290 S.C. 431, 434, 351 S.E.2d 164, 166 (1986).            A party may assert nonmutual collateral estoppel to preclude relitigation of a previously litigated issue unless the party sought to be precluded did not have a full and fair opportunity to litigate the issue in the first proceeding, or unless other circumstances justify providing the party an opportunity to relitigate the issue.  Wade v. Berkeley County, 330 S.C. 311, 317, 498 S.E.2d 684, 687 (Ct. App. 1998).
In the New Jersey action, Rosenblum sought to collect on the $220,300 Demand Promissory Note, which his counsel admitted was the same debt as the mortgage note.  In his complaint, he asserted that although he had accepted the mortgage to secure the note, Carbones actions rendered the Collateral worthless.  The New Jersey Superior Court dismissed Rosenblums action with prejudice.  
Rosenblums New Jersey action and South Carolina action both sought collection of the same debt.  The dismissal of Rosenblums case with prejudice constitutes an adjudication on the merits.  See Nelson v. QHG of S.C., Inc., 354 S.C. 290, 311, 580 S.E.2d 171, 182 (Ct. App. 2003), affd in part and revd in part on other grounds by 362 S.C. 421, 608 S.E.2d 855 (2005), (A case that is dismissed with prejudice indicates an adjudication on the merits and, pursuant to res judicata, prohibits subsequent litigation to the same extent as if the action had been tried to a final adjudication.).  As Rosenblum has already sought unsuccessfully to collect the debt in New Jersey, he is precluded from seeking collection of the same debt in South Carolina.  Thus, he had no right to foreclose the mortgage.  See 55 AmJur.2d Mortgages § 359 (1996) (stating anything that operates to extinguish the debt necessarily operates to discharge the mortgage). 
C.      Civil Conspiracy
Muraglia asserts the trial court erred in finding Rosenblum proved he participated in a civil conspiracy and in awarding damages as a result.  We disagree.
A civil conspiracy consists of (1) a combination of two or more persons, (2) for the purpose of injuring the plaintiff, (3) which causes the plaintiff special damages.  Hammond v. Butler, Means, Evins & Brown, 300 S.C. 458, 463, 388 S.E.2d 796, 798 (1990).  Conspiracy may be inferred from the very nature of the acts done, the relationship of the parties, the interests of the alleged conspirators, and other circumstances.  Island Car Wash, Inc. v. Norris, 292 S.C. 595, 601, 358 S.E.2d 150, 153 (Ct. App. 1987).  Civil conspiracy is an act which is by its very nature covert and clandestine and usually not susceptible of proof by direct evidence; concert of action, amounting to a conspiracy, may be shown by circumstantial as well as direct evidence.  Id.  
Rosenblum testified Carbone confessed that he and Muraglia had taken Rosenblums money to invest it and had lost it.  Rosenblum also recounted how a few days after Carbone executed the mortgage, Muraglia informed Rosenblum that he had filed a mortgage[4] before Rosenblum and taunted him, [H]a, ha, ha, you aint getting [the property].  The record demonstrates that although Carbone had executed the mortgage in favor of Rosenblum, he quickly conveyed his interest in the same property to his alleged co-conspirator, who immediately filed the deed to win a race to the courthouse.  Under our limited standard of review of this action at law, we find the record supports the trial courts finding that a civil conspiracy existed.  
Muraglia asserts that Rosenblums claim for civil conspiracy should fail because Rosenblum failed to prove any special damages as the remedy he sought was the same as he sought in his equitable claims.  We find no indication in the record that Muraglia raised this specific argument to the trial court.  Therefore, it is not preserved for our review.  See Wilder Corp. v. Wilke, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) (It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review.).  
Muraglia also asserts that as at the most Rosenblum was ever entitled to is Carbones interest in the property, the proper measure of damages would have been the equity value of that half interest, not the full amount of the extinguished promissory note executed by Carbone.  Muraglia failed to raise this argument to the trial court either at the hearing or in a post-trial motion when he learned of the trial courts award of damages.  Accordingly, we find this argument not preserved.  See Godfrey v. Heller, 311 S.C. 516, 520, 429 S.E.2d 859, 862 (Ct.App.1993) (where an appellant learns for the first time when the appellant receives the order that the respondent would be granted certain relief, the appellant must move, pursuant to Rule 59(e), SCRCP, to alter or amend the judgment to preserve the issue).  Therefore, we affirm the trial courts award of damages on Rosenblums civil conspiracy claim.
CONCLUSION
For the foregoing reasons, the decision of the trial court is 
AFFIRMED.[5]
 GOOLSBY, HUFF, and STILWELL, JJ., concur.  

[1] While the caption of the case lists her as Gale Carbone, the documents in the record show her signing as Gayle Carbone.  For purposes of this opinion, she will be referred to as Gayle.
[2] There were allegations that Gayle did not sign the mortgage herself.  
[3] During the trial, Muraglia and Rini moved to dismiss the action and sought a directed verdict on the grounds that the action was barred by res judicata, collateral estoppel, or judicial estoppel.  The trial court took the motions under advisement but never explicitly ruled on the motions.  As Rini and Muraglia were the prevailing parties as to subrogation and foreclosure of the mortgage, they were not required to secure a ruling on these issues in order to preserve them for appeal.  See IOn, L.L.C. v. Town of Mt. Pleasant, 338 S.C. 406, 423, 526 S.E.2d 716, 725 (2000) ([W]hen the lower court rules in one partys favor, it is not necessary for that party to return to the court and ask for a ruling on remaining issues and arguments in order to preserve those arguments for use in an appeal.).   However, as the trial court found against Mugaglia on Rosenblums claim for civil conspiracy, it was incumbent upon Muraglia to file a Rule 59, SCRCP,  motion asking for a ruling on his defenses of res judicata and collateral estoppel, in order for this court to address these defenses as they apply to the claim of civil conspiracy. See id. at 421-22, 526 S.E.2d at 724 (noting different preservation rules apply to the losing party in the lower court and providing:  If the losing party has raised an issue in the lower court, but the court fails to rule upon it, the party must file a motion to alter or amend the judgment in order to preserve the issue for appellate review.).  As Muraglia failed to file a Rule 59, SCRCP motion seeking a ruling on these defenses, we may not address them in our consideration of the claim for civil conspiracy.      
[4] From the record, it appears Muraglia only received a deed, not a mortgage, from Carbone.  
[5] As we affirm the trial court for the above stated reasons, we need not address the parties remaining arguments.