THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Keith Sheppard, Appellant,
v.
South Carolina Department of Probation, Parole and Pardon Services,
Respondent.
 
 
 

Appeal From Richland County
 J. Ernest Kinard, Jr., Circuit Court Judge

Unpublished Opinion No. 2006-UP-334
            Submitted September 1, 2006  Filed September 20, 2006

AFFIRMED

 
 
 
Keith W. Sheppard, of Ridgeland, Pro Se.
Teresa A. Knox, J. Benjamin Aplin, and Tommy Evans, Jr., of Columbia, for Respondent.
 
 
 

PER CURIAM:  After the Department of Probation, Parole and Pardon Services (Department) failed to conduct a parole hearing for Keith Sheppard in 2003, Sheppard filed a claim against the Department for gross negligence.  The trial court dismissed the case under Rule 12(b)(2), (4), (5), and (6), SCRCP, as well as finding res judicata barred the claim.  Sheppard appeals arguing his procedural due process rights were violated because the trial court failed to conduct a hearing before dismissing his case with prejudice.  We affirm.[1]
FACTS
On March 20, 1985, Sheppard was convicted of assault and battery with intent to kill (ABIK) and armed robbery.  The trial court sentenced Sheppard to twenty-five years imprisonment for armed robbery and twenty years for ABIK, to run consecutively.  Sheppard became eligible for parole in 1992.  In 1996, the Department began conducting parole hearings every other year instead of every year.  In 2000, the Department resumed yearly parole hearings as instructed by the South Carolina Supreme Court.[2]  Sheppard had parole hearings in 2000, 2001, and 2002.  At the end of 2003, Sheppard was informed his next parole hearing would be for parole in the year 2004.  
On April 9, 2004, Sheppard filed a claim against the Department for negligence in failing to conduct his 2003 parole hearing (April Claim).[3]  On July 13, 2004, the court dismissed the action with prejudice for several reasons including: (1) lack of subject matter jurisdiction; (2) insufficiency of process; and (3) failure to state a cause of action.  It appears that Sheppard did not appeal the dismissal. 
A few months later, Sheppard brought the claim (November Claim) now before us.  The Department filed a motion to dismiss under Rule 12(b)(2), (4), (5), and (6), SCRCP.  Further, the Department alleged res judicata barred the claim.  The trial court dismissed the case with prejudice on the following grounds: (1) lack of subject matter jurisdiction; (2) insufficiency of process; (3) insufficiency of service of process; (4) failure to state facts sufficient to constitute a cause of action due to the South Carolina Tort Claims Act and the Public Duty Rule; and (5) res judicata.  This appeal followed.
STANDARD OF REVIEW
A trial courts grant of a motion to dismiss will be sustained only if the facts alleged in the complaint do not support relief under any theory of law.  McEachern v. Black, 329 S.C. 642, 647, 496 S.E.2d 659, 661 (Ct. App. 1998).  When reviewing a dismissal pursuant to Rule 12(b)(6), SCRCP, we apply the same standard of review as the trial court. 
Doe v. Marion, 361 S.C. 463, 470, 605 S.E.2d 556, 560 (Ct. App. 2004), cert. granted, Apr. 19, 2006.  The trial courts ruling on a 12(b)(6) motion must be based solely on the allegations in the complaint.
 Williams v. Condon, 347 S.C. 227, 233, 553 S.E.2d 496, 499 (Ct. App. 2001).  The pleadings must be construed in the light most favorable to the plaintiff.  Id.
LAW/ANALYSIS
Sheppard claims the trial court erred in dismissing the November Claim with prejudice without first conducting a hearing and thus, violated his procedural due process rights.  We disagree.
The doctrine of res judicata is based on the principle that public interest requires an end to litigation and that no one
should be sued twice for the same cause of action.  Town of Sullivans Island v. Felger, 318 S.C. 340, 344, 457 S.E.2d 626, 628 (Ct. App. 1995).  Res judicata is the branch of the law that defines the effect a valid judgment may have on subsequent litigation between the same parties and their privies.  Res judicata ends litigation, promotes judicial economy and avoids the harassment of relitigation of the same issues.  Nelson v. QHG of S.C., Inc., 354 S.C. 290, 304, 580 S.E.2d 171, 178 (Ct. App. 2003) (quoting James F. Flanagan, South Carolina Civil Procedure 642 (2d ed. 1996)), revd in part on other grounds, 362 S.C. 421, 608 S.E.2d 855 (2005).  Res judicata bars subsequent actions by the same parties when the claims arise out of the same transaction or occurrence that was the subject of a prior action between those parties. 
Plum Creek Dev. Co. v. City of Conway, 334 S.C. 30, 34, 512 S.E.2d 106, 109 (1999).  A party seeking to preclude litigation on the grounds of res judicata must show: (1) identity of the parties; (2) identity of the subject matter; and (3) adjudication of the issue in the former suit.  Id.
The parties in the current action, Sheppard and the Department, are identical to the parties in the first action.  Although Sheppard did not include the complaint from the April Claim in the record, an examination of the order of dismissal reveals that Sheppard alleged negligence arising out of the Departments failure to conduct a parole hearing for 2003.  Accordingly, we find the subject matter of the November Claim is identical to the subject matter of the April Claim.  See 
Venture Engg, Inc. v. Tishman Constr. Corp. of S.C., 360 S.C. 156, 162, 600 S.E.2d 547, 550 (Ct. App. 2004) (holding res judicata not only bars claims previously brought, but any claims that could have been raised in the former suit).
Further, we find that the third element is met because the April Claim was adjudicated on the merits when the trial court determined the South Carolina Tort Claims Act barred the claim.  A case that is dismissed with prejudice indicates an adjudication on the merits and, pursuant to res judicata, prohibits subsequent litigation to the same extent as if the action had been tried to a final adjudication. 
Nelson, 354 S.C. at 311, 580 S.E.2d at 182.  Accordingly, the trial court properly found res judicata barred the November Claim.  Because the trial court could determine solely from the complaint and the previous order that res judicata applied, a hearing was unnecessary and the trial court did not err in dismissing the case before holding a hearing.
The trial court also dismissed the November Claim under Rule 12(b)(6), SCRCP, finding the Department had immunity under the South Carolina Tort Claims Act.  The Tort Claims Act governs all tort claims against governmental entities and is the exclusive civil remedy available in an action against a governmental entity . . . . 
Flateau v. Harrelson, 355 S.C. 197, 203, 584 S.E.2d 413, 416 (Ct. App. 2003).  The provisions of the Act must be liberally construed in favor of limiting the liability of the State.  S.C. Code Ann. § 15-78-20(f) (2005).  The Act provides in part:

The governmental entity is not liable for a loss resulting from: (1) legislative, judicial, or quasi-judicial action or inaction; (2) administrative action or inaction of a legislative, judicial, or quasi-judicial nature; (3) execution, enforcement, or implementation of the orders of any court or execution, enforcement, or lawful implementation of any process; [or] (4) adoption, enforcement, or compliance with any law or failure to adopt or enforce any law, whether valid or invalid, including, but not limited to, any charter, provision, ordinance, resolution, rule, regulation, or written policies. . . .

S.C. Code Ann. § 15-78-60 (2005).
The immunity provided by the Act is an affirmative defense. 
Frazier v. Badger, 361 S.C. 94, 101, 603 S.E.2d 587, 590 (2004).  Generally, an affirmative defense may not be asserted in a Rule 12(b)(6) motion to dismiss unless the allegations of the complaint demonstrate the existence of the affirmative defense. 
Spence v. Spence, 368 S.C. 106, 123, 628 S.E.2d 869, 878 (2006).  However, 

[m]ost courts allow such defenses to be raised in a motion to dismiss under Rule 12(b) when there is no disputed issue of fact raised by an affirmative defense, or the facts are completely disclosed on the face of the pleadings, and realistically nothing further can be developed by pretrial discovery or a trial on the issue raised by the defense. 

Id. (citations omitted).
In the present case, even if we take everything in Sheppards pleadings as true, Sheppards November Claim is barred by the South Carolina Tort Claims Act.  The parole boards failure to hold a parole hearing one year would qualify for immunity under the Act.  Because the court must decide a 12(b)(6) motion based solely on the pleadings, the trial court was not required to hold a hearing before granting the motion. 
Higgins v. Med. Univ. of S.C., 326 S.C. 592, 603, 486 S.E.2d 269, 274 (Ct. App. 1997) (In deciding a motion to dismiss pursuant to 12(b)(6), the trial court should only consider the allegations set forth on the face of the plaintiff's complaint . . . .).  Accordingly, because it is apparent on the face of the complaint that the Department has immunity for its failure to conduct a parole hearing, the trial court did not err in dismissing the November Claim under Rule 12(b)(6), SCRCP, without conducting a hearing before the dismissal.[4]  
Next, Sheppard argues the April Claim should have been dismissed without prejudice, and therefore, he could bring the November Claim.  We disagree.
Initially, we note this argument is not preserved for review on appeal because Sheppard did not raise it at trial nor did the trial court rule on it. 
See In re Michael H., 360 S.C. 540, 546, 602 S.E.2d 729, 732 (2004) (An issue may not be raised for the first time on appeal.  In order to preserve an issue for appeal, it must be raised to and ruled upon by the trial court.); Lucas v. Rawl Family Ltd. Pship, 359 S.C. 505, 510-11, 598 S.E.2d 712, 715 (2004) (It is well settled that, but for a very few exceptional circumstances, an appellate court cannot address an issue unless it was raised to and ruled upon by the trial court.).
Averting to the merits, a trial courts dismissal of a complaint for insufficiency under Rule 12(b)(6), SCRCP, is generally without prejudice.  See 
Owens v. Atl. Coast Lumber Corp., 108 S.C. 258, 261, 94 S.E. 15, 16 (1917).  However, when a trial court examines the complaint and discovers the plaintiff is entitled to no relief under any circumstances, dismissal is proper and will bar another action for the same claim.  Id.  Here, if Sheppard took exception with the trial courts ruling on the April Claim, he should have appealed the dismissal with prejudice, instead of filing a new action.  Because he did not appeal, the law of the case is that the April Claim was dismissed with prejudice.  See 
S.C. Coastal Conservation League v. S.C. Dept of Health & Envtl. Control, 363 S.C. 67, 76, 610 S.E.2d 482, 487 (2005) (A ruling not challenged on appeal is the law of the case, regardless of the correctness of the ruling.).  We find no merit to Sheppards claim that the trial court improperly dismissed the April Claim.
CONCLUSION
The trial court properly determined res judicata barred the November Claim and the Department had immunity under the Tort Claims Act.  Therefore, the trial court properly dismissed the November Claim.  Accordingly, the trial courts dismissal of the matter is
AFFIRMED.
ANDERSON, KITTREDGE, and SHORT, JJ., concur.

[1]We decide this case without oral argument pursuant to Rule 215, SCACR. 
[2] See Jernigan v. State, 340 S.C. 256, 264-65, 531 S.E.2d 507, 512 (2000) ([W]e hold that the change from annual parole eligibility review to biannual review produces a sufficient risk of increasing the measure of
punishment attached to the covered crimes, and therefore, any retroactive application . . . constitutes an ex post facto violation.).
[3] Only the order of dismissal from the April Claim is included in the record on appeal.  The April Claim appears to arise out of the same circumstances and involve similar if not identical issues as the current action.  Because the complaint from the April Claim is not included in the record, the exact allegations raised by it are unclear.
[4] Because we determine dismissal was proper under the doctrine of res judicata and Rule 12(b)(6), SCRCP, we need not address whether the dismissal was proper on the remaining grounds.