**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Peter W. Justini and Linda J. Justini, Appellants,

v.

Berkeley Hall Club, Inc., John P. Reed, Individually, Director and Developer of Berkeley Hall Club, Inc., Tammy Duryea, Former Controller of Berkeley Hall Club, Inc., Jerome J. Selkhe, Former General Manager of Berkeley Hall Club, Inc., Respondents.

Appellate Case No. 2010-169766

---

Appeal From Beaufort County
Marvin H. Dukes III, Master-in-Equity

---

Unpublished Opinion No. 2013-UP-108
Heard October 30, 2012 – Filed March 13, 2013

---

**AFFIRMED**

---

Peter W. Justini and Linda J. Justini, of Bluffton, *pro se*.

Terry A. Finger of Finger & Fraser, PA, of Hilton Head Island, for Respondents Berkeley Hall Club, Inc., Tammy Duryea, and Jerome J. Selkhe; Keating L. Simons, III of Simons & Dean, of Charleston, for Respondent John Reed.

---

**PER CURIAM:**  Peter W. Justini and Linda J. Justini appeal the order of the master-in-equity dismissing their complaint with prejudice.  We affirm.

As to the Justinis' argument the trial court erred in holding their action was barred by the statute of limitations, we disagree.  In its order dismissing the Justinis' prior action, *Justini v. Berkeley Hall, LLC, et al.*, 2009-CP-07-01092, the trial court held that the three-year statute of limitations applied to and barred the Justinis' claims.  The Justinis failed to perfect their appeal of the trial court's orders in that action. "Under the doctrine of collateral estoppel, also known as issue preclusion, when an issue has been actually litigated and determined by a valid and final judgment, the determination is conclusive in a subsequent action whether on the same or a different claim." *Zurcher v. Bilton*, 379 S.C. 132, 135, 666 S.E.2d 224, 226 (2008).  Summary judgment is an adjudication on the merits.  *Nelson v. QHG of S.C., Inc.*, 362 S.C. 421, 425, 608 S.E.2d 855, 858 (2005).  In *Nelson*, the supreme court held the plaintiff's claims against the defendants were collaterally estopped because there was a fair and full opportunity to litigate those claims in an earlier suit in which summary judgment had been granted.  *Id.*  As the claims in the present action are identical to those the trial court found to be time-barred in the prior action, we find no error in the trial court's ruling that the statute of limitations barred this action.

As we affirm the trial court's order for the above stated ground, we need not reach the Justinis' remaining issues.  *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (stating an appellate court need not address remaining issues when its disposition of a prior issue is dispositive).

**AFFIRMED.**

**HUFF, THOMAS, and GEATHERS, JJ., concur.**