**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

H. Hughes Andrews, Respondent,

v.

Quentin S. Broom, Jr., Appellant.

Appellate Case No. 2018-002223

———————

Appeal From Spartanburg County
J. Mark Hayes, II, Circuit Court Judge

———————

Unpublished Opinion No. 2022-UP-022
Heard October 12, 2021 – Filed January 12, 2022
Withdrawn, Substituted, and Refiled February 9, 2022

———————

**REVERSED**

———————

Matthew Terry Richardson, of Wyche Law Firm,
Whitney Boykin Harrison, of McGowan Hood & Felder,
LLC, both of Columbia; and James Edward Cox, Jr., of
Wyche, PA, of Greenville, for Appellant.

Rodney F. Pillsbury, of Pillsbury Law Firm, LLC, of
Greenville, for Respondent.

———————

**PER CURIAM:** In this action over the collapse of a video poker business in the
Dominican Republic, Quentin Broom appeals a circuit court decision finding him

liable for breaching corporate standards and awarding more than a million dollars to Hugh Andrews. Broom argues that (1) Andrews's claims were barred by the law of the case; (2) the statute of limitations had run on Andrews's claims; (3) portions of the circuit court's findings were unsupported by the evidence; (4) the circuit court erred in finding for Andrews under a previously unadopted exception to corporate law; (5) the punitive damages award against him was unreasonable; and (6) Andrews was not entitled to attorney's fees. We reverse.

Several years ago, Andrews and Broom decided to join forces using a corporation known as Tri-Star for the purposes of operating a video poker business. The business did well until South Carolina criminalized video poker in 2000.[1] The two men then moved the business to the Dominican Republic. Because Tri-Star was an American company, the operations in the Dominican had to be run through a company called Worldwide.[2] Both men contributed $300,000 to the company; Andrews kicked in another $600,000 as a loan.

In the summer of 2005, Broom said, "[w]ithout any notice[,] the attorney general issued a directive that there couldn't be any machines operating on the street outside of a casino environment or a licensed casino."

The business soon collapsed, though not before the beginning of the current litigation. On September 2005, in a complaint filed in Spartanburg County, Broom brought claims against a law firm, a lawyer in the firm, and Andrews. The claims against Andrews were for common law fraud, constructive fraud, negligent misrepresentation, and civil conspiracy.

Andrews filed counterclaims against Broom, including breach of fiduciary duty; breach of contract; breach of contract accompanied by a fraudulent act; breach of the covenant of good faith and fair dealing; conversion; violations of two statutory provisions of South Carolina law; promissory estoppel; fraud; and negligent misrepresentation.

On November 1, 2011, the circuit court dismissed Andrews's counterclaims. The court found that Andrews should have brought his claims as a derivative action

---

[1] *See* S.C. Code Ann. § 12-21-2710 (2014).
[2] We have attempted to simplify as much as possible the convoluted nature of the business entities that Broom and Andrews used to set up and run the venture in the Dominican Republic.

under Rule 23(b)(1), SCRCP. The order also took care to spell out the reasons for dismissing each claim. The dismissal was "with prejudice."

Ten days later, Andrews filed a motion to reconsider. He also filed a motion to amend his pleading along with a proposed Second Amended Answer, Counterclaims and Third Party Complaint "based upon information learned and/or events that have transpired since the filing of his Amended Answer and Counterclaims in May 2006." He did not, at that time, propose to add any claims under Rule 23. The circuit court denied Andrews's motion to reconsider, but did not specifically rule on the motion to amend.

On appeal, this court remanded so that the circuit court could "consider whether justice requires [allowing Andrews's requested] amendment and whether Broom will be prejudiced by the amendment." *Broom v. Ten State Street, LLP*, Op. No. 2015-UP-030 (S.C. Ct. App. filed Jan 14, 2015). Our supreme court reversed this, holding that "the issue on appeal—whether the [circuit court] erred in dismissing [Andrews]'s counterclaims without allowing [Andrews] to amend his pleadings—was not preserved for review." *Broom v. Ten State Street*, *LLP*, Op. No. 2015-MO-057 (S.C. Sup. Ct. filed Sept. 30, 2015).

In a petition for rehearing, Andrews argued that the court's ruling could run counter to its precedent of *Spence v. Spence*.[3] The supreme court denied the petition for rehearing and remitted the case, sending it back to the circuit court.

After the remittitur was sent, Andrews filed another motion to amend with the circuit court. In that motion, Andrews mentioned Rule 23 "[i]n the event any claims are 'derivative.'" Broom argued that there was no authority for the circuit court to continue proceedings in a case that the circuit court had dismissed with prejudice. The circuit court nonetheless granted Andrews's motion to amend the pleadings.

Broom dropped his claims against Andrews in June 2017. Around the same time, Broom settled his claims against the other parties. The court held a three-day trial on Andrews's claims. The circuit court found for Andrews on a claim of "breach of the corporate code." The court ordered that Broom pay Andrews $510,000, then doubled the award with punitive damages. The court also awarded attorney's fees.

The circuit court denied Broom's motion to reconsider. This appeal followed.

---

[3] 368 S.C. 106, 628 S.E.2d 869 (2006).

1.      We agree with Broom that the circuit court erred in allowing the case to go forward a second time by allowing Andrews a chance to amend his complaint despite the dismissal with prejudice.  *See RIM Assocs. v. Blackwell*, 359 S.C. 170, 182, 597 S.E.2d 152, 159 (Ct. App. 2004) ("A case that is dismissed 'with prejudice' indicates *an adjudication on the merits* and, pursuant to res judicata, prohibits subsequent litigation to the same extent *as if the action has been tried to a final adjudication*." (emphases added) (quoting *Nelson v. QHG of S.C., Inc.*, 354 S.C. 290, 311, 580 S.E.2d 171, 182 (Ct. App. 2003), *rev'd in part on other grounds*, 362 S.C. 421, 608 S.E.2d 855 (2005)), *cert. granted* Aug. 25, 2005; *Judy v. Martin*, 381 S.C. 455, 458, 674 S.E.2d 151, 153 (2009) ("Under the law-of-the-case doctrine, a party is precluded from relitigating, after an appeal, matters that were either not raised on appeal, but should have been, or raised on appeal, but expressly rejected by the appellate court."); *Mason v. Mason*, 412 S.C. 28, 48, 770 S.E.2d 405, 415 (Ct. App. 2015) ("[A]n unappealed ruling, right or wrong, is the law of the case." (quoting *Atl. Coast Builders & Contractors, LLC v. Lewis*, 398 S.C. 323, 329, 730 S.E.2d 282, 285 (2012))); *Ross v. Med. Univ. of S.C.*, 328 S.C. 51, 62, 492 S.E.2d 62, 68 (1997) ("The law of the case applies both to those issues explicitly decided and to those issues which were necessarily decided in the former case."); *Hudson ex rel. Hudson v. Lancaster Convalescent Ctr.*, 407 S.C. 112, 119, 754 S.E.2d 486, 490 (2014) ("Under the law of the case doctrine, a party is precluded from re-litigating issues decided in a lower court order, when the party voluntarily abandons its appeal of that order."); *Shirley's Iron Works, Inc. v. City of Union*, 403 S.C. 560, 573, 743 S.E.2d 778, 785 (2013) ("The doctrine of the law of the case applies to an order or ruling which finally determines a substantial right. . . .  Ordinarily[,] an interlocutory order which merely decides some point or matter essential to the progress of the cause, collateral to the issues in the case, is not binding as the law of the case, and may be reconsidered and corrected by the court before entering a final order on the merits." (quoting *Weil v. Weil*, 299 S.C. 84, 89, 382 S.E.2d 471, 473 (Ct. App. 1989)); *Wachovia Bank, Nat'l Ass'n v. Blackburn*, 407 S.C. 321, 328, 755 S.E.2d 437, 441 (2014) ("Appellate courts may decide questions of law with no particular deference to the circuit court's findings.").

Andrews received a final adjudication from the circuit court when the case was dismissed with prejudice.  He appealed that final adjudication.  However, the ground on which this court remanded was later found by our supreme court to have not been preserved for review.  Therefore, "whether the [circuit court] erred in dismissing [Andrews]'s counterclaims without allowing [Andrews] to amend his pleadings" was not appealed because it could not be.  *Broom v. Ten State Street, LLP*, Op. No. 2015-MO-057 (S.C. Sup. Ct. filed Sept. 30, 2015).

Because of his own failure to preserve the issue through a Rule 59(e) motion, Andrews was not able to raise that ground on appeal. *See Staubes v. City of Folly Beach*, 339 S.C. 406, 412, 529 S.E.2d 543, 546 (2000) ("It is well-settled that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial court to be preserved for appellate review."); *Elam v. S.C. Dep't of Transp.*, 361 S.C. 9, 24, 602 S.E.2d 772, 780 (2004) ("[O]ur rules contemplate two basic situations in which a party should consider filing a Rule 59(e) motion. A party *may* wish to file such a motion when she believes the court has misunderstood, failed to fully consider, or perhaps failed to rule on an argument or issue, and the party wishes for the court to reconsider or rule on it. A party *must* file such a motion when an issue or argument has been raised, but not ruled on, in order to preserve it for appellate review.").

Furthermore, as a practical matter, the circuit court's decision was in conflict with the manner in which our supreme court disposed of the matter in the prior appeal. This court had already remanded the case so that the circuit court could consider the motion to amend; that decision was reversed by the supreme court. Had the supreme court intended for the circuit court to rule on the motion to amend, we believe it would not have reversed this court, or that it would have gone to greater lengths to spell out that it was not closing off that procedural avenue.[4]

Additionally, the circuit court erred in finding that its initial ruling was interlocutory. The court had already determined whether Andrews had a right to bring his action in its motion to dismiss. While Broom's underlying claims were still live at that point, that does not provide life to Andrews's counterclaims; a final adjudication on those claims was made with the dismissal with prejudice.

Our law clearly holds that if a different circuit court judge than the one who dismissed the case were to have heard the motion to amend, the second judge would have been unable to grant it. *See Shirley's Iron Works, Inc.*, 403 S.C. at 573, 743

---

[4] Even if we were to assume that *Skydive Myrtle Beach, Inc. v. Horry Cnty.*, 426 S.C. 175, 826 S.E.2d 585 (2019), issued after the circuit court's final ruling in the current matter, suggests that our supreme court might now reach a different conclusion in the prior appeal—and we do not make that assumption—the law of the case doctrine nonetheless applies. The law of the case doctrine contemplates that a court might reach a different result in a different case. *See Mason*, 412 S.C. at 48, 770 S.E.2d at 415 ("[A]n unappealed ruling, *right or wrong*, is the law of the case." (emphasis added) (quoting *Atl. Coast Builders & Contractors, LLC*, 398 S.C. at 329, 730 S.E.2d at 285)).

S.E.2d at 785 ("This State has a long-standing rule that one judge of the same court cannot overrule another."). The outcome of a case should not depend on a party's fortune in having the same circuit court judge hear the matter twice.

The circuit court ruled that the case was dismissed with prejudice a decade ago, then rejected a motion to reconsider more than a year later; this ruling was never altered on appeal. If the circuit court's initial ruling, and the subsequent ruling by our supreme court, are to have any meaning, then Andrews should not have been allowed to pursue his claim further.[5]

2.      Likewise, we agree that allowing Andrews to move forward with his counter-claims was erroneous because doing so would violate the statute of limitations. *See* Rule 15(c), SCRCP ("Whenever the claim or defense asserted in the amended

---

[5] We acknowledge that the law of the case doctrine is discretionary. *See State v. Hewins*, 409 S.C. 93, 113 n.5, 760 S.E.2d 814, 824 n.5 (2014) (referring to the law-of-the-case doctrine as a "discretionary appellate doctrine with no preclusive effect on successive trial proceedings"); *S. Ry. Co. v. Clift*, 260 U.S. 316, 319 (1922) ("The prior ruling may have been followed as the law of the case, but there is a difference between such adherence and res []judicata. One directs discretion: the other supersedes it and compels judgment. In other words, in one it is a question of power, in the other of submission."); *Slowinski v. Valley Nat'l Bank*, 624 A.2d 85, 89 (N.J. App. Div. 1993) ("'Law of the case' . . . operates as a discretionary rule of practice and not one of law."); 18B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure § 4478 (2d ed. 2002) ("So long as the same case remains alive, there is power to alter or revoke earlier rulings."); 5 C.J.S. *Appeal and Error* § 1008 (2019 & 2021 update) ("The doctrine is discretionary rather than mandatory. Nonetheless, it should be disregarded *only upon a showing of good cause* for failure timely to request reconsideration of the original appellate decision, and *only as a matter of grace rather than right*." (emphases added) (footnotes omitted)). We find no good cause here, nor reason for grace. Andrews did not take the procedural steps necessary to preserve his grounds for appeal.

We also question Broom's seeming attempt to elevate remittitur to the status of a ruling, as when his brief states: "The law of the case doctrine equally applies to a remittitur." But we need not reach that issue in this appeal. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (stating that the "appellate court need not address remaining issues when disposition of prior issue is dispositive" (citing *Whiteside v. Cherokee Cnty. Sch. Dist. No. One*, 311 S.C. 335, 428 S.E.2d 886 (1993))).

pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleadings, the amendment relates back to the date of the original pleading."); *Spence v. Spence*, 368 S.C. 106, 130, 628 S.E.2d 869, 881 (2006) ("When a plaintiff is not given the opportunity to file and serve an amended complaint, but is left with no choice but to appeal after dismissal of her case with prejudice, an appellate court which affirms the dismissal may modify the lower court's order to find the dismissal is without prejudice. When the statute of limitations has expired, the appellate court may in its discretion impose a reasonable period of time in which to amend the complaint."); *Wachovia Bank, Nat. Ass'n v. Blackburn*, 407 S.C. 321, 328, 755 S.E.2d 437, 441 (2014) ("Appellate courts may decide questions of law with no particular deference to the circuit court's findings.").

Here, no appellate court modified the order to dismiss the case with prejudice. Therefore, Andrews's counterclaims remained dismissed, and could not be used for the purposes of the relate-back doctrine.

3.  Because Andrews should not have prevailed on the case below, we reverse the award of punitive damages. *See Gamble v. Stevenson*, 305 S.C. 104, 111, 406 S.E.2d 350, 354 (1991) ("[P]unitive damages may be awarded only upon a finding of actual damages.").

4.  We also find that the circuit court erred in awarding attorney's fees to Andrews. Because this action was properly dismissed, attorney's fees should not have been granted.

5.  As to the other grounds raised in the appeal, we find it unnecessary to address them. *See Futch*, 335 S.C. at 613, 518 S.E.2d at 598 (stating that the "appellate court need not address remaining issues when disposition of prior issue is dispositive" (citing *Whiteside*, 311 S.C. 335, 428 S.E.2d 886 (1993))).

**REVERSED.**

**THOMAS and GEATHERS, JJ., and HUFF, A.J., concur.**